1

2

3

4

5

6

7

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY CARDINALE | ) Case No.: 1:17-cv-00788-BAM |
| Plaintiff, | )<br>) **ORDER GRANTING MOTION FOR** |
| v. | ) **ATTORNEYS' FEES PURSUANT TO 42 U.S.C.**<br>) **§ 406(b)** |
| NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security, | )<br>) (Doc. Nos. 17, 20) |
| Defendant. | )<br>)<br>) |

Pending before the Court is counsel for Plaintiff Tracy Cardinale's ("Plaintiff") motion for attorneys' fees pursuant to 42 U.S.C. § 406(b).[1]  (Doc. Nos. 17, 20.)  The Commissioner of Social Security (the "Commissioner") has filed a statement of non-opposition to the motion.  (Doc. Nos. 19, 22.)  Having reviewed the motion and its supporting documentation, as well as the case file, the Court **GRANTS** the motion and awards attorneys' fees in the amount of $12,846.63.

---

[1] Counsel for Plaintiff originally filed the motion on February 1, 2019, seeking fees pursuant to 42 U.S.C. § 1383(d)(2)((A) in the amount of $4,700.00 based upon an award of $42,808.64 in retroactive benefits.  (Doc. No. 17.)  On March 25, 2019, counsel filed an amended motion clarifying that he had mistakenly believed that Plaintiff's claim was for Title XVI benefits only at the time the motion was filed, but subsequently discovered that Plaintiff had in fact been awarded a total of $75,386.50 in retroactive benefits under Title II and Title XVI.  (Doc. No. 20 at 3.)  Counsel therefore seeks attorneys' fees pursuant to 42 U.S.C. § 406(b) calculated according to the $75,386.50 award and does not seek fees under 42 U.S.C. § 1383(d)(2)(A).  (*Id*. at 9.)

## I.     Relevant Background

The Law Offices of Lawrence D. Rohlfing entered into a written contingent fee agreement with Plaintiff dated May 16, 2017, which provided that "[i]n consideration of the services to be performed by the Attorney and it being the desire of the Claimant to compensate Attorney out of the proceeds . . . the fee for successful prosecution of this matter is . . . 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration." (Doc. Nos. 17-1, 20-1.)

On June 11, 2017, Plaintiff filed this action seeking judicial review of the Commissioner's denial of benefits. (Doc. No. 1). The parties stipulated to a voluntary remand of the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), which the Court approved on January 10, 2018. (Doc. No. 13.) On January 19, 2018, the Court approved the parties' stipulation to award Plaintiff $1,650.00 in attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"). (Doc. No. 16.) On remand, the Commissioner granted Plaintiff's application for benefits and, on Mach 13, 2019, issued a notice indicating that Plaintiff was entitled to receive approximately $75,386.50 in retroactive benefits. (Doc. No. 20 at 3, 9.)

In the present Motion, Plaintiff's counsel asks the Court to direct the Commissioner to certify the fee of $12,846.63 for legal fees incurred in this Court. Plaintiff's counsel contends this fee is reasonable in light of the services rendered and results achieved, as counsel prepared and participated in obtaining a favorable result and the manner and approach to the case saved time and reduced the accumulation of past-due benefits. (Doc. No. 20 at 4-5.) The fee counsel seeks is 17.1 percent of the past-due benefits payable to Plaintiff. (*Id.* at 5.) The Commissioner filed a notice of non-opposition to the motion requesting that any fee award include an instruction to counsel to compensate Plaintiff in the amount of EAJA fees already received. (Doc. Nos. 19, 22.)

## II.     Legal Standard

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented
> before the court by an attorney, the court may determine and allow as part of its judgment

2

a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . ..

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Gisbrecht*, *supra,* 535 U.S. at 807.

### III. Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, after carefully considering the fee agreement and the applicable law, the Court finds Plaintiff's counsel's requested fees to be reasonable. In support of his motion for attorneys' fees under 42 U.S.C. § 406(b), Plaintiff's counsel attached the contingent fee agreement which provided for a contingent fee of twenty-five percent of any awarded retroactive benefits. (Doc. Nos. 17-1, 20-1.) Plaintiff's counsel accordingly accepted the risk of loss in the representation. Plaintiff's counsel additionally expended a total of 6.7 hours of attorney time and 3.2 hours of paralegal time while representing Plaintiff before the District Court. (Doc. Nos. 17-4, 20-4.) As a result of counsel's work, the matter was remanded for further proceedings before an Administrative Law Judge, who issued a fully favorable decision and awarded Plaintiff benefits.

Plaintiff's counsel provided a copy of the notice of award and the motion for attorney's fees to Plaintiff. (Doc. Nos. 17, 20.) Although served with the motion, Plaintiff did not challenge the requested fees which attests to their reasonableness. Likewise, the Commissioner, in its advisory capacity, declined to dispute the propriety of the amount of the fees requested by Plaintiff's counsel. (Doc. Nos. 19, 22.)

1    Additionally, there is no indication counsel performed in a substandard manner or engaged in

2 severe dilatory conduct to the extent that a reduction in fees is warranted.  To the contrary, Plaintiff was

3 able to secure a fully favorable decision and remand for further proceedings, including an award of past-

4 due benefits.  Accordingly, the Court finds the fees sought by counsel are reasonable in light the results

5 achieved in this action, and the amount does not exceed twenty-five percent maximum permitted under

6 42 U.S.C. § 406(b).

7 **IV.     Conclusion and Order**

8       Based upon the foregoing, the Court **ORDERS**:

9       1.     Plaintiff's counsel's motion for attorneys' fees under 42 U.S.C. § 406(b) (Doc. Nos. 17,

10 20) is GRANTED;

11       3.     Plaintiff's counsel is awarded $12,846.63 in attorneys' fees pursuant to 42 U.S.C. §

12 406(b); and

13       5.     Plaintiff's counsel shall compensate Plaintiff in the amount of $1,650.00 for fees

14 previously awarded pursuant to the EAJA.

15

16 IT IS SO ORDERED.

17    Dated:  **May 16, 2019**              /s/ *Barbara A. McAuliffe*

18                                 UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28